IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 18-CV-0463-MSK

ALFRED LEROY PERFATER,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## OPINION AND ORDER REVERSING THE COMMISSIONER'S DECISION

**THIS MATTER** comes before the Court on the Plaintiff's Complaint (**# 1**), the Plaintiff's Opening Brief (**# 14**), the Defendant's Response (**# 15**), and the Plaintiff's Reply (**# 18**). For the following reasons, the Commissioner's decision is reversed and the matter is remanded for further proceedings.

## I. JURISDICTION

The Court has jurisdiction over an appeal from a final decision of the Commissioner under 42 U.S.C. § 405(g).

## II. BACKGROUND

### A. Procedural History

Alfred Perfater seeks judicial review of a final decision by the Commissioner denying his claim for supplemental security income (SSI) under the Social Security Act. In January 2015, Mr. Perfater filed for SSI, claiming he became disabled in January 2012. Tr. at 192–200. His application was denied at all administrative levels and he now appeals to this Court.

## B. Factual Background

The Court summarizes only the medical evidence relevant to its decision. Here, the dispositive issue concerns the weight given to the medical opinions as to Mr. Perfater's functional capacity. At the time of his alleged onset of disability, Mr. Perfater was 49 years old. Tr. at 192. He was previously employed as an auto mechanic. Tr. at 226.

In April 2015, Physician's Assistant Michael Beer, a treating physician, completed a MED-9 form detailing Mr. Perfater's vocational limitations. The Court cannot find this form in the record, but there are contemporaneous treatment notes that summarize its contents:

> MED-9 signed today for 12-month disability; given the limitations of pt's age, chronic pain, low education, no skilled job training, and cognitive and memory deficits, I do not believe he will ever be able to return to full-time employment as an auto mechanic in a high-pressure setting. With training and a structure[d] work environment, I believe he might safely work, but it would require a very special job setting with an employer committed to working around his limitations. Cannot safely work on ladders or at height above floor level.

Tr. at 409.

In December 2016, Dr. John Mars, a consulting examiner, conducted an examination of Mr. Perfater and completed a medical source statement. Tr. at 354–59, 360–62. His clinical impression was that Mr. Perfater suffered from low back pain, hypertension, right shoulder pain, a history of double vision, diabetes, and depression and anxiety. Tr. at 362. Dr. Mars opined that, though Mr. Perfater has these problems, his physical exam was "mostly normal". Tr. at 362. Based on his observations, Dr. Mars assessed the following with regard to Mr. Perfater's functional limitations: he can continuously lift and carry up to 50 pounds and frequently lift and carry up to 100 pounds; he can sit for two hours at one time without interruption and for eight hours in a workday; he can stand or walk four hours at a time and four hours each in a workday. Tr. at 354–55. Elaborating on his sitting/standing/walking assessment, Dr. Mars stated that

nothing in the physical exam or the medical records would limit such activities. Tr. at 355.

In January 2017, PA Beer partially completed a diabetes residual functional capacity questionnaire. Tr. at 363–66. He identified Mr. Perfater's symptoms: fatigue, extremity pain and numbness, difficulty walking, episodic vision blurriness, difficulty thinking and concentrating, psychological problems, headaches, cataracts, and astigmatism. Tr. at 363. He opined that Mr. Perfater is capable of low-stress jobs because he is physically and cognitively limited. Tr. at 364. For whatever reason, PA Beer did not complete any portion of the questionnaire that would specifically detail Mr. Perfater's functional limitations. Tr. at 364–66. Instead, he stated that Mr. Perfater would need to be absent from work more than four days per month. Tr. at 366.

## C. The ALJ's Decision

In May 2017, the ALJ issued a decision unfavorable to Mr. Perfater. At step one, the ALJ found that he had not engaged in substantial gainful activity since December 2014. Tr. at 8. At step two, the ALJ found that Mr. Perfater had the following severe impairments: degenerative lumbar disc disease and depression. Tr. at 8. At step three, the ALJ found that Mr. Perfater did not have an impairment that met or medically equaled the presumptively disabling conditions listed in 20 C.F.R. Part 404, Appendix 1. Tr. at 9. The ALJ further found that Mr. Perfater had the residual functional capacity (RFC) to perform light work with the following limitations: he is limited to occasional stooping, kneeling, crouching, crawling, and stair-climbing; he is limited to simple, routine work with a specific vocational preparation (SVP) level of 1 to 2; he cannot perform jobs that involve assembly-line work; and he should have no contact with the general public and no more than occasional contact with coworkers and supervisors. Tr. at 9–10. In crafting Mr. Perfater's RFC, the ALJ gave considerable weight to

Dr. Mars' opinion and little weight to PA Beer's opinion. Tr. at 11. At step four, the ALJ found that Mr. Perfater was incapable of performing his past relevant work as an auto mechanic. Tr. at 13. At step five, the ALJ found that Mr. Perfater could perform the following jobs that exist in significant numbers in the national economy: mail room clerk, office helper, and laundry worker. Tr. at 14. The ALJ thus concluded that Mr. Perfater was not disabled. Tr. at 15.

### III. STANDARD OF REVIEW

Although the Court's review is de novo, the Court must uphold the Commissioner's decision if it is free from legal error and the Commissioner's factual findings are supported by substantial evidence. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). Substantial evidence is evidence a reasonable person would accept to support a conclusion, requiring "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The Court may not reweigh the evidence, it looks to the entire record to determine if substantial evidence exists to support the Commissioner's decision. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

### IV. DISCUSSION

Mr. Perfater raises several challenges to the Commissioner's ruling. He contends that: the ALJ erred in finding that Mr. Perfater's head injury and diabetes were not severe, the ALJ improperly weighed the opinions of PA Beer and Dr. Mars, and the ALJ improperly assessed Mr. Perfater's credibility. Finding legal error in the evaluation of medical opinions, the Court reverses and remands the Commissioner's denial of benefits without reaching the other issues.

**A. PA Beer**

A treating physician's opinion must be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques *and* is consistent with the

4

other substantial evidence in the record. *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007). In answering these questions, the ALJ must articulate specific, legitimate reasons that describe how the opinion is unsupported by clinical and laboratory diagnostic techniques, or identify the inconsistent evidence in the record. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004); *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).

If the answer to either of these inquiries is "No", then the opinion is not accorded controlling weight, but is, instead, assessed for comparative weight relative to other medical opinions. The factors considered for comparative this assessment of medical opinions are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Allman v. Colvin*, 813 F.3d 1326, 1331–32 (10th Cir. 2016). In applying these factors, the ALJ must make her findings and reasoning sufficiently specific so the weight given is clear to subsequent reviewers. *Langley*, 373 F.3d at 1119.

Here, Mr. Perfater was treated by PA Beer. PA Beer generally opined that Mr. Perfater was severely limited from returning to his past work, but he did not opine as to any specific functional limitations that would substantiate this conclusion. Tr. at 363–66, 409. Mr. Perfater argues that the ALJ improperly discounted PA Beer's opinion. The Commissioner responds that the ALJ's decision was based upon substantial evidence.

With regard to PA Beer, the ALJ stated:

Dr. Beer, of the Salud Clinic, indicated in April 2015 that he completed a MED-9 form finding the claimant to have a 12-month disability. He did not cite any specific functional restrictions, but explained that due to the claimant's age, education, work history, pain and cognitive/memory deficits, he did not think the

5

claimant would be able to return to his full-time work as an auto mechanic. This opinion is vague and conclusory, and there is no indication that this source has any vocational expertise. Moreover, a disabling level of functional impairment is not supported by the medical records of this source or any other medical source of record. For these reasons, the undersigned rejects and gives little weight to this opinion.

Similarly, the record contains a "Diabetes Mellitus Residual Functional Capacity Questionnaire" at Exhibit 5F, also signed by Dr. Beer, in January 2017. Interestingly, he delined to give an opinion regarding the claimant's capacity for exertional, postural and manipulative work functioning, but did indicate a likelihood that the claimant would miss more than 4 days per month because of his medical condition. There is no basis or support for [these] findings. For one, as previously discussed, the record does not establish the claimant's diabetes as a severe impairment, and Dr. Beer offered no explanation as to why this impairment or the claimant's "back pain" would result in excessive work absences. For these reasons, this evidence has been given little weight.

Tr. at 11.

The first analytical step in assessing PA Beer's opinions is to determine whether they are controlling by deciding whether they are well supported by medically acceptable clinical and laboratory diagnostic techniques and whether they are consistent with other evidence in the record. In noting that PA Beer opined as to Mr. Perfater's vocational abilities and not his functional abilities, and that PA Beer did not explain the basis for his recommended vocational limitations, the ALJ essentially found that the opinions are not supported by medically acceptable techniques. This conclusion is based on substantial evidence. Medical opinion evidence is included in the record to inform the Commissioner's determination of disability — a vocational determination reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d). When a medical opinion veers away from functional limitations and into vocational matters, it ceases to be medical. The ALJ was correct to conclude that PA Beer's opinions are not entitled to controlling weight. The ALJ also addressed numerous factors in according the opinion little weight. The Court finds no error as to PA Beer.

**B.    Dr. Mars**

While a treating physician's opinion must be generally given controlling weight, the ALJ's evaluation of a consulting examiner's opinions collapses to the foregoing factors considered for assessment of weight.  *Allman*, 813 F.3d at 1331–32.  A consulting examiner's opinion is presumptively entitled to more weight than an opinion derived from a review of the records.  *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012).  The ALJ may dismiss or discount an examining physician's opinion but she must do so based on the factors and must provide specific, legitimate reasons for rejecting it.  *Id*.  On appeal, Mr. Perfater argues that the ALJ improperly rejected part of Dr. Mars' opinion.

As discussed above, Dr. Mars, a consulting examiner, opined that Mr. Perfater's back pain, knee pain, and shoulder pain limit him to sitting four to six hours per workday, standing two hours per workday; walking at least two hours per workday, lifting five pounds frequently and 25 pounds occasionally, bending and crouching occasionally, and manipulating with his fingers and reaching occasionally.  Tr. at 277.  The ALJ gave Dr. Mars' opinion considerable weight:

> [A] consultative physical examination was conducted in December 2016, and the findings and opinion of this examiner, John Mars, M.D., support at least a capacity of light-level work.  Actually, Dr. Mars offered specific functional restrictions that would allow for a range of medium exertional work, but based on all the evidence, and according the claimant the benefit of the doubt in light of his subjective complaints, the [ALJ] has granted the claimant a light [RFC].  In all other respects, the opinion [of Dr. Mars] appears to be well supported and generally consistent with other medical evidence.  It is entitled to considerable weight.

Tr. at 11.  The ALJ later elaborated on the exam:

> Dr. Mars described the exam as mostly normal, other than some nonphysiologic back findings and callusing of the thumbs.  The claimant had a normal neurologic exam, including full upper and lower extremity strength.  Despite mention of left shoulder pain, for the first time in the record since January 2015,

7

> the claimant had a normal bilateral shoulder examination. He did not appear in any apparent distress and did not shift around due to pain. The claimant could move about and stand and sit without difficulty. Based on this evidence, Dr. Mars assessed the claimant as capable of medium level work. As indicated, the undersigned has accorded the claimant a somewhat more restrictive light [RFC]. There is no support for finding any greater functional limitations, however, including no restriction on the claimant's ability to sit, stand and walk throughout an 8-hour day consistent with the requirements of light level work.

Tr. at 13. Thus, though the ALJ accepted and gave considerable weight to the opinion, he rejected Dr. Mars' opinions related to standing and walking. Mr. Perfater contends that the ALJ's explanation does not provide a legitimate reason for rejecting Dr. Mars' opinions.

The entirety of the ALJ's reasoning for rejecting Dr. Mars' standing and walking restrictions is that there is "no support" for such limitations. *See* Tr. at 13. This statement is not an explanation at all; it is conclusory. It fails to articulate any reason, much less a specific, legitimate reason for rejecting these restrictions. Though the ALJ attempted to discuss at least one of the regulatory factors — consistency with the record as a whole — the Court is left with no other statements from the ALJ discussing the regulatory factors. The ALJ thus erred in evaluating Dr. Mars' opinion. If these restrictions had been included in Mr. Perfater's RFC, he would have been limited to sedentary work. Though the vocational expert testified that jobs would still be available for Mr. Perfater if he could only stand for four hours a day, the ALJ's error is not harmless because Dr. Mars' opinion that Mr. Perfater cannot stand or walk more than four hours in an eight-hour day is incompatible with an RFC permitting the full range of light work. *See* SSR 83-10, 1983 WL 31251 at *6 ("the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.").

V. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED AND REMANDED** for proceedings consistent with this opinion. Judgment shall enter in favor of

Mr. Perfater.

Dated this 17th day of January, 2019.

BY THE COURT:

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge